MICHAEL J HARKER, ESQ.
NV Bar # 5353
2901 El Camino Ave #200
Las Vegas, NV 89102
Tel: (702) 248-3000
Fax: (702) 425-7290
mharker@harkerlawfirm.com
Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

In re:

ALPIDIO FLORES CHINCHILLA,

Debtor.

BK-S-15-14803-abl
CHAPTER 11

**STIPULATION FOR PLAN TREATMENT ON FIRST LIEN SECURED BY REAL PROPERTY LOCATED AT 4365 TWIN VIEW CIRCLE, LAS VEGAS, NV 89121.**

ALPIDIO FLORES CHINCHILLA ("Debtor") and Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee for the PrimeStar-H Fund I Trust c/o Statebridge Company, LLC, ("Secured Creditor"), by and through their attorneys of record, now enter into the below stipulation to resolve plan treatment of the real property commonly known as 4365 Twin View Circle, Las Vegas, NV 89121 (the "Subject Property").

## RECITALS

A. On or about August 21, 2015, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, District of Nevada.

B. Secured Creditor holds a Promissory Note secured by a First Deed of Trust on the Subject Property.

C. On the petition date, Secured Creditor's claim with regard to the Subject Property was approximately $425,000.00.

D. Debtor filed a "Motion to Value Collateral Property" in relation to the Subject Property on November 2, 2015 which Secured Creditor opposed.

E. The parties have conferred and agreed upon the treatment of Secured Creditor's first lien secured by the Subject Property for purposes of Debtor's Chapter 11 Plan. Those terms are reflected below and shall resolve the parties' motions and oppositions related to the Subject Property.

**THE PARTIES HERETO STIPULATE AND AGREE AS FOLLOWS:**

1. The value of the Subject Property shall be $200,000.00 and the same amount shall constitute Secured Creditor's "Allowed Secured Claim."

2. Debtor agrees to pay $200,000.00 at a 6.00% fixed annual interest rate with payments calculated on a 360-month amortization schedule, with all amounts due upon the maturity date of March 1, 2046.

3. The balance owed to Secured Creditor above the amount of the Allowed Secured Claim shall be classified and treated in Debtor's plan of reorganization as a general unsecured claim (the "Allowed Unsecured Claim"). This amount shall be $225,000.00 unless Secured Creditor files a Proof of Claim which it is hereby permitted to do but is not required to.

4. The principal and interest payment ("P&I") under these agreed terms shall be $1,199.10 per month.

5. Debtor agrees that property taxes and hazard insurance on the Subject Property shall remain impounded. Initial escrow payments to Secured Creditor shall be $205.00 per month. Monthly escrow payments shall be subject to recalculation and periodic adjustment by Secured Creditor. Debtor shall provide proof of hazard insurance on an annual basis in the manner and form requested by Secured Creditor. Post-petition tax and hazard insurance advances (if any) shall be credited against Debtor's escrow account and re-paid over the first year of escrow payments.

6. The first monthly payment of P&I and taxes and insurance ("PITI") under this agreement shall be due on April 1, 2016.

7. Payments shall be made directly to Secured Creditor at:

> Statebridge Company, LLC
> 5680 Greenwood Plaza Blvd., Suite 100 S
> Greenwood Village, CO 80111

with reference to the last four digits of the Loan Number X0382, or as otherwise directed.

8. The Debtor may prepay the amounts due on the remaining Allowed Secured Claim without penalty at any time. Further, the Debtor may sell the Subject Property at any time without penalty, so long as the sale proceeds are sufficient to pay off the balance of the remaining Allowed Secured Claim plus any accrued post-confirmation interest, fees and/or costs at the time of the close of escrow for the proposed sale. If a proposed sale will not pay off the remaining Allowed Secured Claim plus any accrued post-confirmation interest, fees and/or costs (a "Short Sale"), then such a proposed sale shall be at the discretion of Secured Creditor and may only proceed with the express written consent of Secured Creditor.

9. All other terms of the Deed of Trust and Note not directly altered by this agreement will remain in full force and effect.

10. Secured Creditor has relief from the automatic stay as to the Subject Property upon confirmation of Debtor's Chapter 11 Plan.

11. In the event of a default on payments to Secured Creditor under the terms of this stipulation prior to the entry of the confirmation order, Secured Creditor shall notify Debtor and Debtor's counsel of the default in writing. Debtor shall have fifteen (15) calendar days from the date of the written notification to cure the default, and Debtor agrees to pay an additional $100.00 for attorney fees for each default occurrence. If Debtor fails to cure the default, Secured Creditor may lodge a declaration of default and order terminating the automatic stay and include that the 14-day stay as provided in FRBP 4001(a)(3) is waived. Upon entry of the order the automatic stay shall be terminated and extinguished for purposes of allowing Secured Creditor to notice, proceed with, and hold a trustee's sale of the Subject Property, pursuant to applicable state law and without further court order or

proceeding being necessary, including any action necessary to obtain complete possession of the Subject Property, including unlawful detainer.

12. In the event of a default on payments to Secured Creditor under the terms of this stipulation after the entry of the confirmation order, Secured Creditor may proceed pursuant to the terms of the underlying deed of trust and note, and state and federal law, to obtain complete possession of the Subject Property, including unlawful detainer, without further court order or proceeding being necessary. Any and all default provisions included in Debtor's Chapter 11 plan are not applicable to Secured Creditor with regard to the Subject Property, and Secured Creditor is only bound by the terms included in this stipulation.

13. Debtor agrees to incorporate the terms of this Stipulation into any and all existing and future proposed Chapter 11 Plans through either summary and express reference, exact language, or by attaching this stipulation as an exhibit to the plan. If any terms in Debtor's Chapter 11 Plan conflict with the terms of this stipulation the terms of this stipulation will control.

14. This stipulation shall constitute a vote by Secured Creditor in favor of Debtor's Chapter 11 Plan of its Allowed Secured Claim.

15. If this instant Chapter 11 bankruptcy petition is dismissed and/or converted to another chapter under title 11, Secured Creditor's lien shall remain a valid secured lien for the full amount due under the original Promissory Note and all payments received under this agreement will be applied contractually under the original terms of the Deed of Trust and original Promissory Note.

///
///
///
///
///
///

- 4 -

IT IS SO STIPULATED.

DATED this 21st day of March, 2016.

APPROVED AS TO FORM AND CONTENT

| Signature:<br>/s/ Michael J. Harker | Signature:<br>/s/ Ryan D. Stibor |
|---|---|
| Michael J. Harker, Esq. | Ryan D. Stibor, Esq. |
| The Law Offices of Michael J Harker<br>Attorney for Debtor | Law Offices of Les Zieve<br>3753 Howard Hughes Parkway, Suite 200<br>Las Vegas, Nevada 89169<br><br>Attorneys for Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee for the PrimeStar-H Fund I Trust c/o Statebridge Company, LLC |