MICHAEL J HARKER, ESQ.                           E-Filed: June 16, 2016
NV Bar # 5353
2901 El Camino Ave #200
Las Vegas, NV 89102
Tel: (702) 248-3000
Fax: (702) 425-7290
mharker@harkerlawfirm.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re:

ALPIDIO FLORES CHINCHILLA,

Debtor.

BK-S-15-14803-abl
SMALL BUSINESS CASE UNDER CHAPTER 11

**DEBTOR'S
PLAN OF REORGANIZATION
PLAN # 1
DATED: June 15, 2016**

Hearing Date: TBD
Hearing Time: TBD

## ARTICLE 1: SUMMARY

This Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code proposes to pay creditors of ALPIDIO FLORES CHINCHILLA (the "Debtor") from:
1. Cash flow from Investment Property rental operations, and
2. Future wage income.

| CLASSIFICATION OF CLAIMS AND INTERESTS ||
|---|---|
| Class 1 | Secured Claim of WILMINGTON SAVINGS FUND SOCIETY, FSB |
| Class 2A | Unsecured claim of WILMINGTON SAVINGS FUND SOCIETY, FSB |
| Class 2B | General Unsecured Claims - All unsecured claims allowed under § 502 of the Code for which the Plan proposes distribution(s) of **100** cent(s) per dollar on each class claim. |
| Class 3 | Secured Claims of CARRINGTON MORTGAGE SERVICES, and JP MORGAN CHASE BANK, NA |
| Class 4 | The interests of the individual Debtor in property of the Estate received under the Plan. |
| Other | This Plan also provides for the payment of administrative and priority claims, if any, as specifically provided. |

All creditors and equity security holders should review this Plan[1] carefully for information regarding the precise treatment of their claim. A Disclosure Statement that provides more detailed

---

[1] The Plan contains the general form and content of Official Form 25A though various alterations, deletions, and additions have been made to accommodate case specifics and to incorporate desired language.

- 1 -

information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.  **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE 2: DEFINITIONS

Unless the context otherwise requires, the following terms shall have the meanings provided below when used in the Plan and related Disclosure Statement(s). Terms not defined in this Article shall have, as applicable, any meaning provided in the United States Bankruptcy Code (the "Code" 11 U.S.C. § 101 et seq., as amended).

**2.1.** "Administrative Claim" and "Administrative Expense" shall mean claim(s) made pursuant to § 503(b) of the Code (defined below) and entitled to priority under § 507(a)(2) of the Code.

**2.2.** "Allowed Claim" as to all classes, secured or unsecured, shall mean a claim against a Debtor:
  (a) for which a Proof of Claim has been timely filed with the Court by the claims bar date or which has been otherwise allowed by Final Order of the Court, or
  (b) entered on Debtor's official schedules filed pursuant to Rule 1007(b), as may be amended, and not listed as disputed, contingent or unliquidated as to amount, to which no objection to the allowance thereof by the Debtor or any party-in-interest has been interposed through closing of this case, and if so, with no proceeding pending and determined by an order no longer subject to appeal or certiorari.

**2.3.** "Secured Claim" shall mean an Allowed Claim secured by a lien, security interest or other encumbrance on property owned by the Debtor, which lien, security interest, or other encumbrance has been properly perfected as required by the law, to the extent of the value of the property encumbered thereby which existed on the date of the filing of the petition or which was authorized by the Court thereafter.

**2.4.** "Bankruptcy Rules" or "Rules" means the Federal Rules of Bankruptcy Procedure and Local Rules of Bankruptcy Procedure as adopted by the Court, as amended.

**2.5.** "Class" shall refer to a category of holders of claims or interest which are "substantially similar" as provided for in § 1122 of the Code.

**2.6.** "Confirmation" or "Confirmation of the Plan" shall mean entry by the Court of an order confirming this Plan at or after a hearing pursuant to § 1129 of the Code.

**2.7.** "Court" shall mean the United States Bankruptcy Court for the District of Nevada, Las Vegas Division, or any other necessary court of competent jurisdiction.

**2.8.** "Disclosure Statement" means the disclosure statement in this Case as approved by order of the Court.

**2.9.** "Estate" means the bankruptcy estate created upon commencement on the case pursuant to § 541 and § 1115 (as applicable) of the Code.

**2.10.** "Final Order" means an order of the Court that has been entered and either; (a) the time for appeal for such entered order has expired with no appeal having been timely filed, or (b) any appeal that had been timely filed and has been dismissed or otherwise finally determined.

**2.11.** "Impaired" shall have the meaning provided in § 1124 of the Code.

**2.12.** "Priority Claim" shall mean any claim entitled to priority pursuant to § 507(a) of the Code.

**2.13.** "Pro Rata" distribution means that the distribution for a particular Allowed Claim shall be proportional to the distributions made on all allowed claims of the Class in which the particular allowed claim is included.

**2.14.** "Rejection Claim" shall mean any claim arising out of the rejection of a lease of executory contract pursuant to § 363 of the Code, which claim shall be treated as an unsecured claim.

**2.15.** "Tax Claims" shall mean any claims entitled to priority under § 507(a)(8) of the code and shall include the claims of taxing authorities for taxes owed on the property retained by the Debtor under the Plan.

**2.16.** "Unclaimed Property" means any distribution(s) which are unclaimed following the date of distribution. Unclaimed property shall include (a) checks (and funds represented thereby) which have been returned as undeliverable without a property forwarding address, (b) funds for checks which have not been paid, (c) checks (and the funds represented thereby) which were not mailed or delivered because of a proper address of which to mail or deliver such property, (d) rejected or failed electronic transfers (and the funds represented thereby), and (e) interest (if applicable) on cash constituting Unclaimed Property.

**2.17.** "Unsecured Claim" shall mean any Allowed Claim, whether or not liquidated or contingent other than a Priority claim, a Tax Claim or a Secured claim. This category includes all claims or portions thereof deemed unsecured pursuant to § 506(a) of the Code.

## ARTICLE 3:
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

**3.1. Unclassified Claims.** Under section §1123(a)(1), administrative expense claims and priority tax claims are not in classes.

**3.2. Administrative Expense Claims.** Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the Effective Date of this Plan (as defined in Article 10), or upon such other specific terms as may be agreed upon by the holder of the claim and the Debtor.

| Claimant | Treatment |
|---|---|
| NA | NA |

**3.3. Priority Tax Claims.** Each holder of a priority tax claim, if one exists, will be paid within 5 years after the order for relief and upon such other terms consistent with § 1129(a)(9)(C) of the Bankruptcy Code.

| Claimant | Treatment |
|---|---|
| NA | NA |

**3.4. United States Trustee Fees.** All fees required to be paid by 28 U.S.C. § 1930(a)(6) will accrue and be timely paid until the case is administratively closed, dismissed, converted to another chapter under the Code, or a final decree closing the case is entered. The claims of the United States Trustee for any fee arrearage shall be paid in full on or before the Effective Date of the Plan.

# ARTICLE 4:
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

Claims and interests shall be treated as follows under this Plan:

| CLASS 1 | Impaired: Yes    Insider(s): No |
|---|---|
| Description: | Secured Claim of WILMINGTON SAVINGS FUND SOCIETY, FSB against Debtor's Investment Property located at 4365 TWIN VIEW CIRCLE, LAS VEGAS, NV 89121 |
| Valuation: | Per the "STIPULATION FOR PLAN TREATMENT ON FIRST LIEN SECURED BY REAL PROPERTY LOCATED AT 4365 TWIN VIEW CIRCLE, LAS VEGAS, NV 89121" (the "Class 1 Stipulation") (See Docket # 35), hereby incorporated in its entirety by this reference, the Class 1 Secured Claim is valued at $200,000.00. |
| Summary of Terms: | <ul><li>Interest Rate: 6.00% per annum fixed (360-month amortization schedule)</li><li>Payment Start Date: April 1, 2016</li><li>Maturity Date: May 1, 2046 (all remaining amounts due)</li><li>Initial Fixed Monthly Payment: $1191.10 (principal & interest)</li><li>The loan will remain impounded for taxes and hazard insurance with an initial monthly escrow payment of $205.00.</li></ul> |
| Voting: | Class 1 is an impaired class and the holder of the Class 1 Secured Claim is entitled to vote to accept or reject the Plan. |

| CLASS 2A | Impaired: Yes    Insider(s): No |
|---|---|
| Description: | Unsecured claim of WILMINGTON SAVINGS FUND SOCIETY, FSB related to creditor's under-secured first lien against Debtor's Investment Property located at 4365 TWIN VIEW CIRCLE, LAS VEGAS, NV 89121 |
| Valuation: | Per the Class 1 Stipulation (see above) hereby incorporated in its entirety by this reference, the Class 2A unsecured Claim is valued at $225,000.00 |
| Summary of Terms: | Upon successful confirmation of the Plan, the Class 2A unsecured claim shall be reduced to $0.00. |
| Voting: | Class 2A is an impaired class and the holder of the Class 2A Unsecured Claim is entitled to vote to accept or reject the Plan. |

| CLASS 2B | Impaired: No    Insider(s): No |
|---|---|
| Description: | Class 2B consists of GENERAL UNSECURED CREDITORS of the Debtor. |
| Treatment: | All Class 2B Creditors having filed proofs of claims by December 2, 2015 (the "Deadline To File a Proof of Claim") or deemed to have filed proof of claims, that are not disputed, contingent, unliquidated, or otherwise approved by Order of the Court, shall be paid the full amount |

THE LAW OFFICES OF MICHAEL J HARKER
2901 El Camino Ave, #200
Las Vegas, NV 89102
Tel: (702) 248-3000 Fax: (702) 425-7290

| | | |
|---|---|---|
| | | of their claim. This dividend constitutes payment of **100** cents per dollar of each class claim.[2] |
| | Discharge of Claims: | For purposes of compliance with 11 U.S.C. 1141(5)(A) and subject to Court approval at the time of discharge, with respect to Class 2B, "…completion of all payments under the plan[,]" shall be deemed to have occurred upon payment to all Class 2B Creditors their full claim amount. |
| | Voting: | Class 2B is an unimpaired class and is deemed to accept the Plan. As such, Class 2B Creditors are not entitled vote to accept or reject the Plan. |
| | Procedures and Plan Disbursements: | Debtor may seek approval of the Court for additional dividend disbursement procedures including but not limited to notice procedures and the treatment of Unclaimed Property, which shall conform to the following basic terms:<br><br>Dividend(s): All payments to Class 2B Creditors shall be in cash or cash equivalent.<br><br>Term: Debtor shall have up to 12 months to pay Class 2B Creditors from the Effective Date.<br><br>Notice of Final Dividend Payment: Each final payment shall be accompanied by a Notice of Final Dividend Payment which shall detail Debtor's compliance with the terms of this Plan with respect to each creditor receiving a final dividend installment.<br><br>Disbursement Agent: Debtor may serve as its own Disbursement Agent or may select a third party. Under no circumstances shall a third party Disbursement Agent be liable for Debtor's failure to make payments under the Plan. Subject to Court approval, the third party Disbursement Agent shall be authorized to retain attorneys, if necessary, to object to claims, pay administrative expenses, and may collect a reasonable fee for administering Debtor's post-confirmation estate.<br><br>Disputed Claims: No payments shall be made on Disputed Claims until the dispute is resolved by settlement between the parties or a final non-appealable order of the Court. In the event of a Disputed Claim, the Disbursement Agent shall establish appropriate reserves limited to the potential dividend due on the Disputed Claim. Should there be a Disputed Claim, payments to claimholders of non-disputed Class 2B claims shall not cease except upon order of the Court.<br><br>Unclaimed Property: Debtor and Debtor's Disbursement Agent are only required to make reasonable efforts to transmit dividend payments to Class 2B creditors. Failure by a creditor to update payment address(es) or timely process dividend payments received (regardless of the form of legal payment) may result in cancellation of payments and upon approval of the Court, forfeiture of Class 2B creditor's dividend or portion thereof. |

---

[2] Class 2B presently consists of a single claim by the American Infosource in the amount of $74.61.

| CLASS 3 | Impaired: No        Insider(s): No |
|---|---|
| Description: | Class 3 consists of the Secured Claims of Exempt real and personal property of the estate |
| Valuation: | See Scheduled Claims:<br>Carrington Mortgage Services, LLC-134945.72<br>JP Morgan Chase Bank, NA-$8434.12 |
| Summary of Terms: | The Class 3 claims shall be paid according to the existing terms of their various underlying obligations, subject to any existing or future re-payment modification and/or forgiveness agreement(s) made between the parties. |
| Voting: | Class 3 is an unimpaired class and is deemed to accept the Plan. As such, Class 3 Creditors are not entitled to vote to accept or reject the Plan. |

| CLASS 4 | Impaired: NA        Insider(s): NA |
|---|---|
| Description | Equity Interest Holder – Alpidio Flores Chinchilla |
| Treatment: | Debtor shall retain under the Plan the following:<br>1) The Investment Property subject to the Class 1 Stipulation. |

**ALL CLAIMS ARE SUBJECT TO OBJECTION. DEBTOR RESERVES THE RIGHT TO REQUEST ANY FUNDS PAID PURSUANT TO THIS PLAN BE HELD IN TRUST, PENDING RESOLUTION OF ANY CLAIMS OR OTHER LITIGATION.**

## ARTICLE 5:
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

**5.1. Disputed Claim.** A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

**5.2. Delay of Distribution on a Disputed Claim.** No payments shall be made on Disputed Claims until the dispute is resolved by settlement between the parties or a final non-appealable order of the Court

**5.3. Settlement of Disputed Claims.** The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

**5.4. Objections to Claims.** Unless otherwise extended by court order, all objections to claims must be filed within sixty (60) days after entry of an order confirming the Plan. Notwithstanding any other provision of this Plan, distributions shall not be made with respect to Disputed Claim(s) unless such Disputed Claim has been resolved and become an allowed claim.

**5.5. Disallowance.** Unless otherwise provided in a Final Order of the Court, any claim for which a proof of claim is required by bankruptcy rule 3003(c)(2), filed after the Bar Date shall be deemed disallowed and shall not receive a distribution.

## ARTICLE 6:
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

All contracts which exist between Debtor and any individual entity whether such contract be in writing or oral, which have not heretofore been rejected or heretofore been approved or

modified by Orders of this Court are hereby specifically assumed.

## ARTICLE 7:
## MEANS FOR IMPLEMENTATION OF THE PLAN

Payments and distributions under the Plan will be funded by Investment Property rents and Debtor's wage income as required. Debtor will continue to manage Debtor's own financial affairs post confirmation and throughout the duration of the Plan though Debtor reserves the right to retain financial professionals as needed.

## ARTICLE 8:
## NO IMMEDIATE DISCHARGE AND EFFECT OF CONFIRMATION

Unless after notice and hearing and the Court orders otherwise for cause, confirmation of this Plan does not discharge any debt provided for in this Plan until the Court grants a discharge on completion of all payments under this Plan. Alternatively, should Debtor demonstrate compliance with the requirements of 11 U.S.C. 1141(d)(5)(B) & (C), at any time after confirmation of the Plan, and after notice and a hearing, the Court may grant a discharge prior to completion of payments under the Plan. Property of the Estate will vest in the reorganized Debtor thirty days after entry of the final Confirmation Order

## ARTICLE 9:
## RETENTION OF JURISDICTION

The bankruptcy court shall retain jurisdiction of this case for as long as is necessary to administer the case. During such time as the Bankruptcy Court retains jurisdiction, said jurisdiction will be deemed to include jurisdiction over proceedings concerning: (i) whether Debtor is in material default of any Plan obligation; (ii) whether the time for performing any Plan obligation should be extended; (iii) adversary proceedings and contested matters pending as of the Effective Date or specifically contemplated in this Plan to be filed in this Court; (iv) whether the case should be dismissed or converted to one under Chapter 7; (v) any objections to claims; (vi) compromises of controversies under Fed. R. Bankr. Pro. 9019; (vii) compensation of professionals; and (viii) other questions regarding the interpretation and enforcement of the Plan.

## ARTICLE 10:
## GENERAL PROVISIONS

**10.1. Definitions and Rules of Construction.** Subject to Article 2 herein, the definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

**10.2. Effective Date of Plan.** The effective date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

**10.3. Severability.** Wherever possible, each provision of this Plan shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Plan shall be prohibited by or invalid under applicable law, such provision shall be ineffective only to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Plan. Furthermore, if the Court will not confirm this Plan because one or more provision hereof are determined to be prohibited or invalid under applicable law, the proponents may seek permission of the Bankruptcy Court to amend this Plan by deleting the offending provision.

**10.4. Binding Effect.** The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such

entity.

**10.5. Headings.** The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**10.6. Applicable Law.** Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Nevada govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

**10.7. Notices.** All notices required or permitted to be made in accordance with the Plan shall be in writing, via USPS first class mail, or commercially recognized carrier. Notices shall be sent to each party's address as maintained on the case docket (i.e. "as scheduled." as provided in "special notice requests" and/or filed claims, as applicable). Notice copies shall be provided to Debtor's counsel of record and shall be deemed given when received by Debtor.

**10.8. Reservation of Rights.** Neither the filing of this Plan nor the Disclosure Statement nor any statement or provision contained herein or therein, nor the taking by any creditor of an action with respect to this Plan: (a) shall be or be deemed in admission against interest by Debtor; nor, (b) prior to the confirmation date be or be deemed to be a waiver of any rights which any creditor might have against Debtor. In the event substantial consummation of the Plan does not occur, neither this Plan or any statement contain herein or in the Disclosure Statement, may be used or relied upon in any manner in any suit, action, proceeding, or controversy within or outside of the reorganization case involving Debtor.

**10.9. Modification of Plan.** The Debtor may, upon order of the Bankruptcy Court, amend or modify this Plan, in accordance with section 1127(e) of the Bankruptcy Code or remedy any defect or omission or reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the purpose and intent of the Plan, subject to compliance with all applicable requirements of the Bankruptcy Code. If the debtor is an individual, as in this present case, this plan may be modified at any time after confirmation of the plan but before the completion of payments under the plan, whether or not the plan has been substantially consummated. Modification may be upon request of the Debtor, the Trustee, the United States Trustee, or the holder of an allowed unsecured claim for the purpose of (1) increasing or reducing the amount of payments under a plan on claims of a particular class provided for by the plan, (2) extending or reducing the time period for such payments, or (3) altering the amount of distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim made other than under the plan.

Dated: May 31, 2016

Respectfully submitted,

/s/ Sabas Bardales-Rendon
Sabas Bardales-Rendon
Debtor / Plan Proponent

/s/ Michael J Harker
Michael J Harker, Esq
Attorney For Debtor

- 8 -